[Sac. No. 2387. In Bank.—May 22, 1916.]

H. F. CARSTENS, Petitioner, v. A. J. PILLSBURY et al., Composing the Industrial Accident Commission of the State of California, Respondents.

WORKMEN'S COMPENSATION ACT—CERTIORARI TO REVIEW AWARD—PROPER PARTIES DEFENDANT.—A proceeding, under section 84 of the Workmen's Compensation, Insurance and Safety Act, to review an award of the Industrial Accident Commission, should be brought against the commission by its name, "Industrial Accident Commission." The members of the commission, individually, are not proper parties defendant. The person or persons interested in maintaining the award should also be joined.

ID.—INDUSTRIAL ACCIDENT COMMISSION—EXERCISE OF JUDICIAL FUNCTIONS—DUE PROCESS OF LAW.—The Industrial Accident Commission, in awarding compensation under the Workmen's Compensation, Insurance and Safety Act, is a judicial body, and exercises judicial functions, and must observe the mandates of the federal constitution with respect to due process of law.

ID.—EVIDENCE TAKEN WITHOUT NOTICE TO OR JOINDER OF PERSON HELD LIABLE.—An award of the commission is lacking in that due process

of law essential to its validity, where all the evidence on which it is based, tending to show any connection with the injury of the person held liable, was taken before such person was made a party to the proceeding and before notice to him. Evidence so taken cannot be considered as against him in support of the findings of the commission.

ID.—RIGHT TO BE PRESENT AT HEARING—RIGHT TO NOTICE.—The right to be present at any hearing, conferred by section 24 of the act, includes the right to have notice of the hearing in time to attend.

ID.—COMMISSION CANNOT TAKE AND CONSIDER EVIDENCE TAKEN SECRETLY.—The other portions of that section do not give power to the commission to take evidence secretly, without notice to either party, and to consider it without giving the parties an opportunity to read the report of it, or to meet it in any reasonable way. If its language were capable of such an interpretation, it would be a clear violation of the right to due process of law to follow it.

ID.—EXTENT OF JUDICIAL POWER OF COMMISSION—LIABILITY OF OWNER OF BUILDING—INJURY TO EMPLOYEE OF INDEPENDENT CONTRACTOR. The judicial power of the commission does not authorize it to make an award in any case against the owner of property who is erecting a building thereon, through an independent contractor, and whose only relation to the person sustaining the injury is that he is the owner of the property upon which the independent contractor is erecting a building in his own way and without control of the owner, and where the person injured is in the employ of such contractor, or of a subcontractor to whom the contractor has sublet a portion of the work.

ID.—CONSTITUTIONAL LAW—LIMITATION ON LEGISLATIVE AUTHORITY TO CONFER JUDICIAL POWER.—The authority of the legislature to confer judicial power upon the commission is derived wholly from the provisions of section 21, article XX, of the constitution, which only grants the power "to create and enforce a liability on the part of all employers." This does not include the power to create and enforce a liability on the part of any person not an employer, to compensate persons employed by others and who do not sustain to him the relation of employee, or to create courts, or commissions having judicial powers, for the settlement of disputes concerning such liability, or to enforce the same.

ID.—LIABILITY OF OWNER MUST BE ENFORCED IN ORDINARY COURTS.— Such a liability, if within the power of the legislature to create, must be settled and enforced through the ordinary courts established by and under section 1, article VI, of the constitution.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Driver & Driver, for Petitioner.

Christopher M. Bradley, for Respondents.

SHAW, J.—This is an original proceeding in review against the Industrial Accident Commission, under section 84 of the Workmen's Compensation, Insurance and Safety Act. As these proceedings are becoming of frequent occurrence, it is proper to say to those initiating them that the members of the commission, individually, are not proper parties defendant in such proceedings. The commission, by its name, "Industrial Accident Commission," as given in section 3 of the act, is the proper defendant. The members cannot be made personally responsible for the acts of the commission in the proceedings, at least, not in a proceeding for a review. The person or persons interested in maintaining the award should also be joined.

The commission, on December 31, 1914, made an award in favor of Tony Silva against James Common, James W. Sturdivant, and H. F. Carstens, or either of them, requiring the payment to Silva of $74.71, as a temporary total disability indemnity, $131.18 as a temporary partial disability indemnity, and $9.37 per week from January 2, 1915, until the termination of the existing partial disability, all on account of accidental bodily injuries received by Silva while he was in the employ of James Common. Sturdivant and Carstens have each begun proceedings in this court to review said award. The present proceeding is the one begun by Carstens.

The injury occurred on August 11, 1914. On September 24, 1914, Silva made and filed his application to the commission for compensation under the aforesaid act. In said application he named as defendants James Common and James W. Sturdivant. Notices of the filing of the application were issued by the commission, the cause being entitled therein in the same manner as in the application itself. To each of these notices was attached a copy of the application. Service thereof was made upon Common and Sturdivant by delivering to each of them a copy of the notice and application. The application stated that on August 11, 1914, Silva was injured by an accident arising out of and in the course of

his employment by said "James Common, intermediate-contractor," at a place described as "6th Ave., Oak Park, Sacramento Co. Cal." Under the heading "3, name and address of all other parties to this application, and reason such parties are joined," there was the following: "Jas. W. Sturdivant, #130 Glenn Ave., Oak Park, Sacramento Co., Cal. (General Contractor)." A notice of hearing was also issued and served upon the aforesaid parties stating that the same had been set for hearing on October 6, 1914. Carstens was not mentioned or referred to, either in the application or in the notices.

On October 6, 1914, Common and Sturdivant appeared at the hearing in person. Sturdivant was also represented by an attorney. Thereupon Tony Silva, James Common, Dr. Manuel Silva, and James W. Sturdivant were examined as witnesses. From their evidence it appeared that the applicant was injured while taking barrels out of a wagon, that a barrel fell upon him, hurt his back, and caused a rupture; that this happened while he was in the employment of Common at the time stated, that Sturdivant was building a house for Carstens; that he sublet a part of the contract to Common; that the accident happened while Common was engaged in some part of the work he was required to do by his subcontract, and that Carstens was the owner of the building which was being erected. It further appeared that the lot upon which the house was being erected was lot 87, H. J. Addition, "F" on Sierra Street, in Sacramento, California, and not on Sixth Avenue, Oak Park.

Upon eliciting the information that Carstens was the owner and that Sturdivant was erecting a building for him, the commission, on October 14, 1914, issued and served on Carstens another notice of the filing of the application of Silva, in which *notice* Tony Silva was named as the applicant and the following persons were named as defendants: "James Common (intermediate-contractor), Jas. W. Sturdivant (general contractor), and H. F. Carstens (owner)." A copy of the original application was attached to the notice. Carstens also received, with the aforesaid notice, a notice stating that the application would be heard on October 21, 1914. It does not appear that Carstens owned any property at Sixth Avenue, Oak Park, or that the accident occurred at that place. He did own the property at the place where the ac-

cident occurred, which was on Sierra Street, as above stated. Carstens did not appear on October 21st, the time stated in the last-mentioned notice, and the hearing proceeded in his absence before a referee appointed by the commission for that purpose. Silva testified about the number of days he had worked during the year and the effect of the injury upon him. Another hearing was held on December 15, 1914, before another referee, and without notice to any of the parties. None of them was present. The evidence introduced after the issuing of the notice to Carstens contained no statement or indication that Carstens was the owner of any building, or sustained any relation to Silva, Common, or Sturdivant, or any evidence whatever to sustain the award against him. The final hearing was held on December 30, 1914, at which it appears no persons were present except the members of the commission.

The first point urged by the petitioner is that the Industrial Accident Commission, in making an award of compensation under the said act, exercises judicial functions, and is, to all intents and purposes, a court. This question is disposed of by the decision of this court in *Western Metal Supply Co.* v. *Pillsbury, ante,* p. 407, [156 Pac. 491]. The opinion discusses the question exhaustively, and holds that the Industrial Accident Commission, in awarding compensation under the act, is a judicial body and exercises judicial functions. (See, also, *Pacific Coast Casualty Co.* v. *Pillsbury,* 171 Cal. 319, [153 Pac. 26].)

The petitioner contends that the award was made without jurisdiction of the petitioner and without due process of law upon him. From what has been said it appears that the application filed by Silva contained no statement of any claim or cause of action against Carstens. His name was not mentioned therein, nor was it stated that any person whatever was the owner of the property or liable as such to make compensation to the applicant for the injury complained of. The notice served upon Carstens had attached thereto the application, which informed him that no claim was made against him. For the purpose of this decision, however, we will assume, though we by no means decide, that the notice was sufficient to put him on inquiry, so that if he failed to attend at the time stated, it would be at the peril of being

bound by any award made against him, if it were otherwise valid.

Objection is also made to the conduct of the commission in considering evidence taken before he received any notice of the application. This objection is well taken. The evidence upon which the award was based, so far as it tends to disclose any connection of Carstens with the injury, was all taken before he was made a party and before the notice to him. Evidence so taken could not be lawfully considered as evidence against him. He had no notice of it; he was not present to contradict or explain it, and its force and effect is not binding upon him. Due process of law requires that the party against whom a claim is asserted shall have opportunity to be present when the evidence to sustain the claim is introduced. This privilege was not afforded to Carstens in this case.

Section 24 of the act provides that "Either party shall have the right to be present at any hearing, in person or by attorney or by any other agent, and to present such testimony as shall be pertinent under the pleadings, but the commission may, with or without notice to either party, cause testimony to be taken, or inspection of the premises where the injury occurred to be made, or the time-books and pay-roll of the employer to be examined, . . . the testimony so taken and the results of any such inspection or examination to be reported to the commission for its consideration." The right to be present at any hearing necessarily includes the right to have notice of such hearing in time to attend. The suggestion that the succeeding passage gives power to the commission to take evidence secretly, without notice to either party, and to consider it without even giving the parties an opportunity to read the report of it, or to meet it in any reasonable way, is contrary to all principles of justice and fairness. It cannot be entertained for a moment. Even if the language were capable of such an interpretation, it would be a clear violation of the right to due process of law to follow it. As will presently be seen, the commission, upon such hearings, must find facts and declare and enforce rights and liabilities,—in short, it acts as a court, and it must observe the mandate of the constitution of the United States that this cannot be done except after due process of law. But

we do not think the section, when given a reasonable interpretation, authorizes (such star-chamber proceedings.) It must be read as an entirety, and in the light of the rule that an unconstitutional effect should not be given to it if another meaning is reasonably discoverable from the language. (The taking of testimony and the reception of evidence are essentially parts of a hearing. If the commission directs it to be done without notice, the right to be present at the hearing will not be given unless, at least, before the trial or hearing is concluded, the report of such testimony and evidence, made to the commission, is exhibited to each party and he is afforded an opportunity, if he so desires, to recall and cross-examine the witnesses and to rebut the evidence reported.) The express language of the section is silent on this point, but the declared "right to be present at any hearing" and to "present such testimony as shall be pertinent under the pleadings" implies that this shall be done.

From this it also follows that the findings, so far as Carstens is concerned, are not supported by any evidence which can be considered as against him. As all the evidence tending to show that Carstens was the owner of the lot, that Sturdivant had agreed to erect a building thereon for him, and that Common, the employer of Silva, was a subcontractor under Sturdivant for a portion of the work, was taken before Carstens received any notice, it cannot be considered as against him. It was not repeated after he received notice, and no evidence indicating any relation whatever between Carstens and the other parties, or the applicant, was introduced after the notice was served upon him. As a decision against him, it is without the support of any legal evidence)

Inasmuch as it is within the power of the commission, if we should annul the award upon these objections, to proceed to another hearing, after due notice to Carstens, it is necessary to consider another proposition urged by the petitioner and which goes to the authority of the commission to make an award in any case against the owner of property who is erecting a building thereon, through an independent contractor, and whose only relation to the person sustaining the injury is that he is the owner of the property upon which an independent contractor is erecting a building in his own way and without control of the owner, and where the person injured is in the employ of such contractor, or of a subcon-

tractor to whom the contractor has sublet a portion of the work. We are of the opinion that the judicial power of the commission does not extend to such case. The authority of the legislature to confer judicial power upon the commission is derived wholly from the provisions of section 21, article XX, of the constitution. As was said in *Western Metal Supply Co.* v. *Pillsbury, ante,* p. 407, [156 Pac. 491]: "Clearly, the second clause of this section, authorizing the legislature to provide for the settlement of disputes by a commission, has no broader scope than the first clause, which sanctions the creation of the liability. The disputes which may thus be settled are those 'arising under the legislation contemplated by this section.' It would not avail, therefore, to say that the legislature has power, independently of this special constitutional authorization, to create a liability, . . . unless it also has the power, without express constitutional sanction, to vest in the Industrial Accident Commission the power to make awards in such cases." The question, therefore, depends upon the effect of the language of the first sentence of the section. The entire section reads as follows:

"The legislature may by appropriate legislation create and enforce a liability on the part of all employers to compensate their employees for any injury incurred by the said employees in the course of their employment irrespective of the fault of either party. The legislature may provide for the settlement of any disputes arising under the legislation contemplated by this section, by arbitration, or by an industrial accident board, by the courts, or by either, any or all of these agencies, anything in this constitution to the contrary notwithstanding."

The legislation thus authorized includes only the power to "create and enforce a liability on the part of all employers." Clearly, this does not include the power to create and enforce a liability on the part of any person not an employer, to compensate persons employed by others and who do not sustain to him the relation of employee. Without regard to the question whether the legislature may create such a liability against persons not employers, it does not have the power under that section to create courts, or commissions having judicial power, for the settlement of disputes concerning such liability, and to enforce the same. Such liabilities must be settled and enforced through the ordinary courts established by and under section 1, article VI, of the con-

stitution. That section provides that "The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a supreme court, district courts of appeal, superior courts and such inferior courts as the legislature may establish in any incorporated city or town, township, county, or city and county." In *Pacific Coast Casualty Co. v. Pillsbury*, 171 Cal. 319, [153 Pac. 26], the court said with regard to this section, "Except for local purposes, the section disposes of the whole judicial power of the state, and vests all of it in courts expressly named therein, leaving none to the disposal of the legislature." Inasmuch as section 21 aforesaid does not authorize the legislature to commit to any courts, other than those authorized by section 1, article VI, the settlement of liabilities against persons not employers, it follows necessarily that the commission has no authority to settle or enforce a liability against Carstens in favor of Silva, unless he was the employer of Silva. The liability here sought to be enforced arises under section 30 of the Workmen's Compensation Act. This section provides that principals, meaning in this case the owner of a lot who has let a contract for the erection of a building thereon, may be held liable for an accidental injury to an employee of a subcontractor. Such owner does not sustain the relation of an employer to those who work for such contractor or for the subcontractor under him. The liability does not arise out of the relation of employer and employee, but exists, if at all, solely by reason of the relationship of owner as provided in section 30. It is not a liability the enforcement of which the legislature has power to commit to any tribunal other than the regularly constituted courts under article VI. It follows, therefore, that the commission has no jurisdiction of the claim of Silva so far as the owner, Carstens, is concerned, that the award against him is null, and that the proceeding cannot be further maintained.

The question whether or not the legislature has power to create such a liability against the owner of property is one which we do not find it necessary to decide and upon which we express no opinion.

It is ordered that the award of the commission against the petitioner, H. F. Carstens, be annulled and that the proceeding against him be dismissed.

Sloss, J., Melvin, J., and Henshaw, J., concurred.

ANGELLOTTI, C. J., Concurring.—Without expressing any view on the other questions involved, I concur in the judgment on the last ground stated in the opinion.

Lawlor, J., dissented.