[Civ. No. 2667.   Fourth Dist.   Aug. 18, 1941.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and HAROLD GRASHEL, Respondents.

Donald Gallagher, W. T. Dunbar and Edmond J. Thomas, Jr., for Petitioner.

Everett A. Corten, Dan Murphy, Jr., and Eldon B. Spofford for Respondents.

BARNARD, P. J.—In this proceeding in *certiorari* petitioner seeks to annul an award of the respondent commission in favor of the respondent Grashel.

The petitioner was the insurance carrier for Mrs. Alice Johnson, the owner of a ranch. She entered into a contract with one J. W. Gilstrap by which Gilstrap agreed to furnish a crew and pick a crop of olives growing on her land. Gilstrap agreed to do a first-class job and not to injure the trees, and Mrs. Johnson agreed to pay him $20 a ton for olives picked on one section of the ranch and $30 a ton for those picked on another section. Gilstrap put a crew of men to work picking

these olives, and at the same time he had another crew picking olives on an adjoining ranch. After the work of picking olives had been started on Mrs. Johnson's ranch the respondent Grashel came along and applied to Gilstrap for a job. Gilstrap put him to work picking olives on this ranch at an agreed price per box, and about eight days later he fell from a ladder and broke his arm. The respondent commission made an award in his favor as against this petitioner, discharging Gilstrap and Mrs. Johnson from liability, and this proceeding followed.

Among other things, the respondent commission found as follows:

"Harold Grashel, applicant, while employed as an olive picker near Terra Bella, California, on January 20, 1941, by Alice Johnson, the contract of employment by and between the parties being an implied one made through the medium of J. W. Gilstrap, an ostensible agent of Alice Johnson, sustained injury occurring in the course of and arising out of his employment. . . . ''

"The defendant, Alice Johnson, owner and operator of the Johnson Ranch upon which the applicant sustained the injury herein, had placed one J. W. Gilstrap in such a position on her ranch property as afforded the applicant reasonable grounds for believing that said J. W. Gilstrap was in fact an agent of the owner of said ranch, to wit, Alice Johnson, and in undertaking such employment, he, the applicant, was the employee of the owner of said ranch and subsequent to the beginning of said employment the owner of said ranch, to wit, Alice Johnson, at no time served notice in writing, orally or otherwise, upon the applicant that she was not in fact his employer and that J. W. Gilstrap was an independent contractor and his employer who had contracted to pick the olives on her ranch and that the applicant must look to said J. W. Gilstrap for payment of his wages and for compensation for injury, if any be sustained.''

The petitioner contends that the respondent commission exceeded its jurisdiction in making these findings, that they are not supported by the evidence, and that Gilstrap was an independent contractor. Under the constitutional provision (sec. 21 of art. XX) and under the Workmen's Compensation Act, which is now embodied in the Labor Code, liability in such a case as this is based upon the relationship of employer

and employee. It has been consistently held that an owner is not liable where the injured person was the employee of an independent contractor. (*Western Ind. Co.* v. *Industrial Acc. Com.*, 172 Cal. 766 [158 Pac. 1033] ; *Sturdivant* v. *Pillsbury*, 172 Cal. 581 [158 Pac. 222] ; *Carstens* v. *Pillsbury*, 172 Cal. 572 [158 Pac. 218] ; *S. A. Gerrard Co.* v. *Industrial Acc. Com.*, 17 Cal. (2d) 411 [110 Pac. (2d) 377].) ▮ In the last case cited the rules here applicable are thus stated:

''An independent contractor is 'one who renders service in the course of an independent employment or occupation, following his employer's desires only in the results of the work, and not the means whereby it is to be accomplished.' (*Moody* v. *Industrial Acc. Com.*, 204 Cal. 668, 670 [269 Pac. 542, 60 A. L. R. 299] ; Restatement, Agency, sec. 2.) On the other hand, the relationship of master and servant or employer and employee exists whenever the employer retains the right to direct how the work shall be done as well as the result to be accomplished. (*Press Pub. Co.* v. *Industrial Acc. Com.*, 190 Cal. 114 [210 Pac. 820] ; *Winther* v. *Industrial Acc. Com.*, 16 Cal. App. (2d) 131 [60 Pac. (2d) 342] ; Restatement, Agency, sec. 2.) ▮ But this rule requires that the right to exercise complete or authoritative control, rather than mere suggestion as to detail, must be shown. (*Moody* v. *Industrial Acc. Com.*, *supra; Winther* v. *Industrial Acc. Com.*, *supra.*) Also, the right to control, rather than the amount of control which was exercised, is the determinative factor.''

▮ Applying these rules to the facts in the instant case, which are practically undisputed, it must be held that Gilstrap was an independent contractor. Aside from other evidence supporting this conclusion it is confirmed by the testimony of the respondent Grashel. He testified that he was hired by Gilstrap and that he talked to no one else. When asked whether anything was said to him as to whom he was being employed by, he replied: ''Well, I understood employed by the contractor, the one that hired me.'' He further testified that Gilstrap gave all of the orders, that he did not know that Mrs. Johnson had anything to do with the work, that he never saw her directing the work in any way during the time he was there, and that he included her in his application to the commission because she owned the grove.

The facts in this case bring it squarely within the principles set forth in the case of *Winther* v. *Industrial Acc. Com.*, 16

Cal. App. (2d) 131 [60 Pac. (2d) 342], although the evidence in support of the theory of independent contractor is stronger here than in the case cited. Under the circumstances here appearing the theory of ostensible agency not only has no application but is entirely without evidentiary support. The real issue is as to who was the employer of Grashel and it also appears from his own testimony that he was in no way deceived or misled in this connection.

The respondent commission, in effect, concedes that this case falls within the principle announced in the Winther case, but argues that an adherence to the rule of that case, and others like it, would in many instances nullify the purpose of the compensation law, to place liability for industrial injuries upon industry rather than upon the workmen, since it often happens that an independent contractor is not financially responsible and is not protected by insurance. Whether the legislature would have power, in view of the constitutional provision, to impose liability on an owner for injuries to a person who is not his employee, but the employee of an independent contractor, has been questioned. (See *Carstens* v. *Pillsbury, supra; Sturdivant* v. *Pillsbury, supra.*) In any event, any such complete change in the scope of the law should come from some law-making source and not from the courts.

For the reasons given the award is annulled.

Griffin, J., and Mundo, J., *pro tem.*, concurred.