[Civ. No. 30991. Second Dist. Div. Five. June 13, 1968.]

CAROLYN Z. COLEMAN et al., Plaintiffs and Appellants,
v. SILVERBERG PLUMBING CO., Defendant and Respondent.

Edward L. Lascher for Plaintiffs and Appellants.

Reilly & Holzhauer and Arthur M. Reilly for Defendant and Respondent.

AISO, J. pro tem.*—Plaintiffs Carolyn Z. Coleman and Patricia L. Coleman, a minor, by her guardian ad litem, appeal from a judgment entered upon a nonsuit granted in favor of defendant Silverberg Plumbing Company, a corporation, upon plaintiffs' written opening statement.

## THE BACKGROUND

Plaintiffs Carolyn Z. Coleman, the widow, and Patricia L. Coleman, the minor child of Lowell Duane Coleman, deceased, appearing through her mother as guardian ad litem, brought this action against the defendants Lisa Construction Company composed of Violet Estates, Incorporated, a California corporation, and Sand Homes, Incorporated, a California corporation (hereafter LISA), Silverberg Plumbing Company, a corporation, (hereafter Silverberg), and Harold Stark, also

---

*Assigned by the Chairman of the Judicial Council.

known as Hank Stark, doing business as The Stark Company (hereafter Stark).[1]

By their verified first amended complaint labelled, "FIRST AMENDED COMPLAINT FOR DAMAGES (Wrongful Death)," the following causes of action were pleaded: (1) Damages from all defendants for negligence in failing to provide the decedent Lowell Duane Coleman (hereafter Coleman) with a safe place to work and with safe implements and equipment with which to work. (2) Damages from Stark alone under section 3706 of the Labor Code for failing to secure payment of compensation by way of insurance (Lab. Code § 3700). (3) Damages from all defendants for breach of warranty against defects in a backhoe[2] which Coleman was operating and of fitness for its intended use. (4) Damages from all defendants for negligence in the design, manufacture, construction, maintenance and care of the backhoe.

A pretrial conference was held August 19, 1965. Only a few facts were agreed upon: Coleman died on September 10, 1963, on premises owned by LISA at 19155 Malden Avenue, Northridge, California. LISA was engaged in the business of erecting tract houses as owner and general contractor for the purpose of selling them. Silverberg was performing plumbing work on such houses pursuant to a written contract between LISA and Silverberg. Coleman was on the premises for the purpose of operating a backhoe and his death occurred while operating it.

Apparently the parties were unable to agree upon the issues to be litigated at trial. The record reflects no effort upon the part of the commissioner acting as pretrial judge pro tempore to narrow the issues. Instead, he permitted each counsel to file his separate statement of contentions and issue. By a pro forma order entitled, "PRETRIAL CONFERENCE ORDER (FOR ROUTINE CASES)," these separate statements were incorporated by reference and made a part of the pretrial conference order. Plaintiffs filed their separate statement consisting of some 19 pages. It proliferated the issues and bypassed possible statute of limitations questions. No objection by Silverberg to its filing nor any request for amendment to the pretrial confer-

---

[1]Only defendants LISA and Silverberg were before the court at time of trial. Stark remained unserved with summons and complaint. Doe defendants are disregarded for purposes of this appeal. LISA settled with plaintiffs and only defendant Silverberg is before this court as respondent.

[2]A tractor equipped for trenching and excavation.

ence order, either before or at time of trial, appears in the record. The theories of recovery upon which plaintiffs' opening statement was bottomed are among those mentioned in their separate statement.

On the authority of *Fowler* v. *Seaton* (1964) 61 Cal.2d 681 [39 Cal.Rptr. 881, 394 P.2d 697], the three respective counsel appearing for trial stipulated that a jury be deemed impaneled and sworn and that the issue of nonsuit be submitted upon a written opening statement to be filed by plaintiffs. The statement was filed November 3, 1965. Silverberg filed a written motion for nonsuit on November 29, 1965. Trial briefs were filed, the cause submitted, and the motion for nonsuit was granted on January 17, 1966, followed by entry of judgment on February 16, 1966 in favor of Silverberg. Plaintiffs appeal from the judgment.

## CONTENTIONS ON APPEAL

Plaintiffs' (appellants') opening statement sought recovery against Silverberg (respondent) upon three theories, which they renew upon this appeal:

1. For wrongful death of Coleman, a presumptive employee of Silverberg, whose death was caused by Silverberg's presumptive negligence.[3]

2. For Silverberg's breach of a judicially created duty to refrain from delegating work to purported subcontractors who do not have a contractor's license or who fail to have workmen's compensation insurance coverage.

3. For Silverberg's maintenance of a nuisance in permitting Stark to carry on a business or undertaking without full compensation security.

Silverberg contends that plaintiffs failed to plead and prove lack of insurance coverage necessary to confer jurisdiction upon the superior court to entertain a suit of the type which plaintiffs espouse in their theory No. 1, above, and that no legal liability exists under theories Nos. 2 and 3, advanced by plaintiffs.

---

[3]The common law theories of recovery (those not resorting to the Labor Code section 3708 presumption) were abandoned by implication. (C.T. pp. 84-85.) The opening statement is to the effect that the theories for recovery advanced by plaintiffs are premised upon a failure to secure the payment of workmen's compensation death benefits. (C.T. p. 71.) No offer of proof otherwise incumbent upon plaintiffs in the normal type of wrongful death action appears in the opening statement.

## No Recovery for Presumptive Negligence of Presumptive Employee

The theory of recovery for wrongful death of a presumptive employee (*Coleman*) caused by the presumptive negligence of Silverberg is based upon sections 3700, 3706 and 3708 of the Labor Code.[4] Assuming arguendo that Coleman was Silverberg's employee, plaintiffs had to plead (*Deauville* v. *Hall* (1961) 188 Cal.App.2d 535, 540 [10 Cal.Rptr. 511]; *Singleton* v. *Bonnesen* (1955) 131 Cal.App.2d 327, 331 [280 P.2d 481]; *Wessell* v. *Barrett* (1944) 62 Cal.App.2d 374, 377 [144 P.2d 656]; *Butler* v. *Wyman* (1933) 128 Cal.App. 736, 739 [18 P.2d 354]) and prove that Silverberg violated section 3700 by not carrying the workmen's compensation required (*Wessell* v. *Barrett, supra*; cf. *United States* v. *Wilson* (10th Cir. 1935) 78 F.2d 465, 467). We are not here concerned with common law causes of action, in which case it is incumbent on the defendant to plead and prove the employer-employee relationship and workmen's compensation insurance coverage. (*Popejoy* v. *Hannon* (1951) 37 Cal.2d 159, 173-174 [231 P.2d 484].) A complaint disclosing an employer-employee relationship in this action without negativing the existence of workmen's compensation insurance would have been subject to a general demurrer. (*Burton* v. *Union Oil Co.* (1933) 129 Cal.App. 438 [19 P.2d 9]; *Jackson* v. *Pacific Gas & Elec. Co.* (1949) 95 Cal.App.2d 204, 207 [212 P.2d 591] (dictum).)

Whether or not Silverberg carried the required workmen's compensation insurance is a question going to the jurisdiction of the superior court to entertain the action for wrongful death. (*Scott* v. *Industrial Acc. Com.* (1956) 46

---

[4]Labor Code section 3700: ''Every employer . . . shall secure the payment of compensation in one or more of the following ways: (a) By being insured against liability to pay compensation in one or more insurers duly authorized to write compensation insurance in this State . . .''

Labor Code section 3706: ''If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission [appeals board], and, in addition, may bring an action at law against such employer for damages, as if this division did not apply.''

Labor Code section 3708: ''In such action it is presumed that the injury to the employee was a direct result and grew out of the negligence of the employer, and the burden of proof is upon the employer, to rebut the presumption of negligence. It is not a defense to the employer that the employee was guilty of contributory negligence, or assumed the risk of the hazard complained of, or that the injury was caused by the negligence of a fellow servant. No contract or regulation shall restore to the employer any of the foregoing defenses.''

Cal.2d 76, 83 [293 P.2d 18]; *Williams* v. *Minnesota Min. & Mfg. Co.* (D.Cal. 1953) 14 F.R.D. 1.) It may be raised by a motion for nonsuit (*Scott* v. *Pacific Coast Borax Co.* (1956) 140 Cal.App.2d 173, 177 [294 P.2d 1039]), as Silverberg did. However, jurisdiction is a question of law and it is for the court and not for the jury to determine. (*Taylor* v. *Hubbell* (9th Cir. 1951) 188 F.2d 106, 108, 109; *Burgess* v. *Gibbs* (1964) 262 N.C. 462 [137 S.E.2d 806, 808-809]; *Dolese Bros* v. *Tollett* (1933) 162 Okla. 158 [19 P.2d 570, 571]; *Williams* v. *Minnesota Min. & Mfg. Co.* (1953) *supra*, 14 F.R.D. 1, 4; see *Jackson* v. *Pacific Gas & Elec. Co.* (1949) *supra*, 95 Cal.App.2d 204, 208; cf. *Scott* v. *Industrial Acc. Com.* (1956) *supra*, 46 Cal.2d 76, 83.)[5]

▮ No adequate showing that Silverberg lacked coverage of workmen's compensation insurance required by section 3700 of the Labor Code was made, nor can it be made.[6] The motion for nonsuit was properly granted upon this ground. We do not decide whether Coleman was a beneficiary under Silverberg's policy on this appeal from a nonsuit.

## STRICT LIABILITY DENIED

Plaintiffs also urge that one who delegates the performance of work to an independent contractor should be held under strict liability[7] to see that the contractor is covered by workmen's compensation insurance. It is a request that by decisional law the doctrine of strict financial responsibility be

---

[5] An interesting discussion as to jurisdiction being a question of law triable to the court rather than to the jury even where the evidence is in conflict is found in *Freire* v. *Matson Nav. Co.* (Cal.App.) 109 P.2d 1022, 1024, but the point apparently was not considered when the Supreme Court took over the case (*Freire* v. *Matson Nav. Co.* (1941) 19 Cal.2d 8 [118 P.2d 809]), thereby rendering the District Court of Appeal opinion *functus officio.*

[6] In Silverberg's points and authorities accompanying his notice of motion for nonsuit, it is stated that the failure of plaintiffs' counsel to come out openly and flatly state that there was no insurance coverage by Silverberg is that there was such coverage. No refutation to this statement appears in the record. The opening statement also alludes to a workmen's compensation insurance policy issued by Travelers Insurance Company to Silverberg. During oral argument, plaintiffs' counsel conceded, "As far as I know there is a standard employer's workmen's compensation policy insuring the Silverberg Plumbing Company for workmen's compensation liability to employees of Silverberg Plumbing Company."

[7] Plaintiffs' counsel explains that he uses the term "strict liability" to mean liability without negligence. (Cf. *Vandermark* v. *Ford Motor Co.* (1964) 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168]; *Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049].)

extended to cover an area where the employer-employee relationship does not exist.[8]

While courts should not be hidebound by the label, "independent contractor," we have concluded that the legal reform sought is one more appropriate for legislative action.

██ "In the absence of statute so providing, an employee of an independent contractor or subcontractor is not entitled to [workmen's] compensation from the employer of such independent contractor or subcontractor for injuries suffered." (99 C.J.S., Workmen's Compensation § 107, p. 363.) The California cases so hold. (*Brietigam* v. *Industrial Acc. Com.* (1951) 37 Cal.2d 849, 852 [236 P.2d 582] (dictum) ; *State Comp. Ins. Fund* v. *Industrial Acc. Com.* (1941) 46 Cal.App.2d 526, 529 [116 P.2d 173] ; *Winther* v. *Industrial Acc. Com.* (1936) 16 Cal.App.2d 131 [60 P.2d 342] ; *Crown City Lodge* v. *Industrial Acc. Com.* (1935) 10 Cal.App.2d 83 [51 P.2d 143].)

The authoritative materials relevant to our inquiry are sparse. Citing *Salmon* v. *Kansas City* (1912) 241 Mo. 14 [145 S.W. 16, 39 L.R.A. N.S. 328], 27 American Jurisprudence, Independent Contractors, § 28, p. 508, states: "It has' . . . been expressly decided, in respect of the contractor's financial responsibility, that the employer owes no duty to the contractor's servant [who has been injured]." Our research has turned up only one reported case which deals with the precise issue posed by plaintiffs, namely, *Matanuska Elec. Assn., Inc.* v. *Johnson* (Alaska 1963) 386 P.2d 698, 702-704.

In *Matanuska Elec.*, recovery was sought upon negligence, rather than upon strict liability. But even upon a negligence theory, it was there held that imposition of financial responsi-

[8]This is a step beyond the area covered by Restatement Second of Torts section 411: "An employer is subject to liability for physeical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons." Even as to this situation the Institute eschewed expressing any opinion as to whether this duty extends to ascertainment of the contractor's ability to respond in damages. Comment "g" to § 411: "Financial Responsibility. The rule stated in this Section . . . has no application where the contractor, although competent and careful, is financially irresponsible. [¶] Cases are lacking in sufficient "number to deal with the question whether the employer may ever be responsible to any third person for his failure to exercise care to employ a contractor who is financially responsible, and therefore able to respond, by liability insurance or otherwise, for any damages which he may inflict by his tortious conduct. The Institute expresses no opinion that there is, or that there is not, any obligation upon the employer."

bility upon one employing an independent contractor for injuries to an employee of a contractor not covered by workmen's compensation insurance should come from the Legislature and not the courts. The Supreme Court of Alaska set forth the following considerations in reaching that holding: (1) "[T]here is a difference between the situation where an innocent passerby or an adjoining property owner is injured or damaged by the independent contractor's negligence and the case of injury to the contractor's employee"; (2) the rule sought would not necessarily place the incidents of unfortunate personal injuries upon persons better able to bear the financial burden, because many people who hire contractors for the performance of work "are salaried workmen and wage earners of modest means who are inexperienced and uninformed in matters of vicarious liability"; and (3) "[b]efore the courts should be asked to extend liability to the employer of independent contractors for injuries to the contractor's employees, where none is imposed by statute, it would seem advisable for the responsible state agencies to make a serious attempt to enforce the legal sanctions [criminal and civil][9] presently provided against the contractor who fails to abide by the law and provide compensation for injured employees."

In 42 of the other American states, persons situated as the plaintiffs are provided with a remedy under the workmen's compensation laws whereby those employing contractors are held liable in the event the contractor himself does not have workmen's compensation insurance. (See 1A Larson, Workmen's Compensation Law (1967) (Conditions of Coverage) ch. IX, § 49.11; 99 C.J.S., Workmen's Compensation, §§ 107-111, pp. 362-390.)

In that regard, we have a peculiar situation in California. The Legislature provided for redress against the owner or a general contractor in section 25, chapter 586, Statutes of 1917,[10] but the section was declared to be unconstitu-

[9]See Labor Code sections 3706, 3707, 3708, 3709, 3710.2, 3712; Business and Professions Code sections 7028, 7031, 7114, 7116, 7118, 7125, 7126.

[10]Section 25: "The liability of principal employers and contracting employers, general or intermediate, for compensation under this act, when other than the immediate employer of the injured employee, shall be as follows:

"(a) When any such employer undertakes to do, or contracts with another to do, or to have done, any work, either directly or through contractors or subcontractors, then such principal employer or contracting employer shall be liable to pay to any employee injured while engaged in the execution of such work, or to his dependents in the event of his death, or to any other person, any compensation which the immediate employer

tional notwithstanding the November 1918 amendments to section 21, article XX of our state Constitution. (*Worswick Co.* v. *Industrial Acc. Com.* (1919) 181 Cal. 550, 560-561 [185 P. 953].) The court followed its earlier decision in *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.* (1919) 180 Cal. 497 [181 P. 788], and the line of cases stemming from *Carstens* v. *Pillsbury* (1916) 172 Cal. 572 [158 P. 218]. *Carstens* held it unconstitutional for the Legislature to invest jurisdiction in a commission [appeals board] type of tribunal to determine compensation liability where there is no common law employer-employee relationship. While thus holding that the liability of an owner or general contractor's liability for injuries suffered

---

is liable to pay, and the commission shall have jurisdiction to determine all controversies arising under this section.

"(b) The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, and in addition thereto the right to enforce in his own name, in the manner provided by this act, the liability for compensation imposed upon other persons by this section, either by making such other persons parties to the original application or by filing a separate application; *provided, however,* that payment in whole or in part of such compensation by either the immediate employer or other person shall, to the extent of such payment, be a bar to recovery against the other.

"(c) When any person, other than the immediate employer, shall have paid any compensation for which he would not have been liable independently of this section, he shall, unless he caused the injury, be entitled to recover the full amount so paid from the person primarily liable therefor, and jurisdiction to determine his claim shall be vested in the commission; *provided,* that such right of reimbursement against the person primarily liable for compensation shall not exist in favor of any insurance carrier insuring such other persons upon whom liability is imposed by this section, in any case where the immediate employer shall have joined with any of such other persons in taking out such policy of insurance or shall have contributed to the payment of the premium for such insurance, with the intent of securing joint protection thereby, anything in the policy to the contrary notwithstanding.

"(d) The liability imposed by this section shall be subject to the following limitations:

"(1) Such liability shall exist only in cases where the injury occurred on or in or about the premises on which the principal employer or contracting employer, whether general or intermediate, has undertaken to execute or to have executed any work, or when such premises or work are otherwise under his control or management.

"(2) Such liability shall not exist in the event that the immediate employer, or other person primarily liable for the compensation shall, previous to the suffering of such injury, have taken out, and maintained in full force and effect, compensation insurance with any insurance carrier, covering his full liability for compensation.

"(3) The commission may, in its discretion, order that execution against such principal employer or contracting employer be stayed until execution against the immediate employer shall be returned unsatisfied.

"(e) The findings and award of this commission entered against the immediate employer shall be conclusive for or against all persons upon whom liability is imposed by this section as to the fact and extent of liability of such immediate employer."

by an uninsured independent contractor's employee was "not a liability the enforcement of which the legislature has power to commit to any tribunal other than the regularly constituted courts under article VI [of the state Constitution]," the court reserved decision on the question whether the Legislature otherwise has power to create such liability against one not the immediate employer of the injured workman. (*Carstens* v. *Pillsbury* (1916) *supra,* 172 Cal. 572, 580.)

When the workmen's compensation laws were reenacted into the Labor Code in 1937, sections of the previous laws which were of doubtful constitutional validity were omitted. (See 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed., 1967) § 2.02 [3] [a].)

The desirability of reexamining *Carstens* and progeny was voiced early in the concurring opinion of Justice Lawlor in *Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.* (1919) *supra,* 180 Cal. 497, 503-504. Such a course of action has been urged periodically since then. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.* (1941) *supra,* 46 Cal.App.2d 526; Brooks, *Tort Liability of Owners and General Contractors for On-the-Job Injuries of Workmen* (1965) 13 U.C.L.A. L.Rev. 99, 123-124.)[11] Since advisory opinions are barred (cf. *Clough* v. *Compton-Delevan Irr. Dist.* (1938) 12 Cal.2d 385, 389 [85 P.2d 126]; Witkin, Cal. Procedure (1954), p. 2191), reenactment of a statute of the tenor of section 25, chapter 586, statutes of 1917, would appear necessary to reinquire into the constitutionality of such legislation in the light of changed contemporary conditions and later judicial thinking.[12]

While the 1917 legislative effort to provide a remedy for persons in plaintiffs' position was chilled by the courts, nevertheless, it has been held that the type of remedy here sought should come from legislative rather than judicial action. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.* (1941) *supra,* 46 Cal.App.2d 526, 530.) ▆ Workmen's compensation laws "are of constitutional and statutory origin" (55 Cal.Jur.2d, Workmen's Compensation, § 3, p. 15) and are not derived from common law doctrines malleable to judicial

[11]As an intermediate appellate court, we are duty bound to follow the previous Supreme Court decisions. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

[12]For example, recent cases dealing with the constitutionality of similar legislation in other states have treated the statute as constituting a general contractor a ''guarantor'' rather than a ''constructive employer'' or ''statutory employer.'' (E.g. *Sweezey* v. *Arc Electrical Constr. Co., Inc.* (1946) 295 N.Y. 306, 312 [67 N.E.2d 369, 166 A.L.R. 809].)

reshaping (*Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal. 2d 211 [11 Cal.Rptr. 89, 359 P.2d 457]). In this posture resulting from the previous action of two coordinate branches of our government, it appears that legislative action is the preferable way to provide a comprehensive system of remedies rather than through piecemeal litigation in the courts.

We do not have here a situation of one seeking to avoid the onus of carrying workmen's compensation insurance by resorting in bad-faith to an independent contractor setup. (Cf. *Barry* v. *Contractors State License Board* (1948) 85 Cal. App.2d 600, 605 [193 P.2d 979].)

Plaintiffs claim that Silverberg is charged with constructive knowledge in that a check of the public records would have disclosed that Stark was not licensed and hence Silverberg violated section 7118 of the Business and Professions Code.[13] Even if Silverberg can be held to such constructive knowledge, the penalty for such violation has been prescribed by the Legislature in that section. The causal nexus between one's failure to possess a contractor's license and either injury or financial irresponsibility has not been shown. The "significant moment" to check is at the time of entering into the contract. (*Latipac, Inc.* v. *Superior Court* (1966) 64 Cal.2d 278, 282, 283 [49 Cal.Rptr. 676, 411 P.2d 564].) Insurance could exist at the moment of contract, and yet there might be no insurance coverage at the time of injury from a number of other causes, e.g. insolvency of the carrier or lapse of the policy for sundry reasons. If strict financial responsibility is imposed, a check for a contractor's license at the time of contracting would be immaterial.

## No Recovery for Nuisance

Lifting the phrase, "the conduct or operation of any business or undertaking without full compensation security, in continuing violation of such policy, is hereby declared to be a nuisance" from section 3712 of the Labor Code,[14] plaintiffs contend that their opening statement sets forth a theory of recovery against Silverberg for committing or maintaining a

---

[13]Business and Professions Code section 7118: "Knowingly entering into a contract with a contractor while such contractor is not licensed as provided in this chapter constitutes a cause for disciplinary action."

[14]"The securing of the payment of compensation in a way provided in this division is essential to the functioning of the expressly declared social public policy of this State in the matter of worker's compensation; and the conduct or operation of any business or undertaking without full compensation security, in continuing violation of such social policy, is hereby declared to be a nuisance which may be abated upon suit brought

nuisance by permitting Stark to operate without workmen's compensation insurance.

If Coleman was Silverberg's employee, there was no nuisance because Silverberg carried the required insurance as earlier pointed out. If Stark was an independent contractor, then Silverberg would have had no control over Stark's manner of conducting business and had no duty to provide workmen's compensation insurance for the benefit of Stark's employees. (See *ante,* pp. 82-85.)

 Furthermore, the word "nuisance" appears to be used in a peculiar sense in section 3712. It certainly does not mean a physical interference with enjoyment of property rights which the word "nuisance" normally connotes. Even in the usual sense, it has been said "that the term 'nuisance' is peculiarly amorphous." (*City of Bakersfield* v. *Miller* (1966) 64 Cal.2d 93, 99 [48 Cal.Rptr. 889, 410 P.2d 393].) Here the word refers to the conduct of a business in an unlawful manner, but the business or undertaking referred to is that of the employee's employer · (2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed., 1967) § 17.05 [3] [a]), and not that of the independent contractor's employer.

 By the wording of section 3712 itself, only the remedy of abatement of the business or undertaking is provided. The right of enforcing that right is granted only to public enforcement officers, not to private individuals. Most significant is the concluding sentence, "No finding made in the course of such action [for abatement] shall be binding on the commission [appeals board] in any subsequent proceeding before it for benefits under this division." This removes reliance on collateral estoppel in a subsequent action. It is an indicium of legislative intent that the section is not to be utilized for the adjudication of compensation benefit claims.

---

in the name of the Director of Industrial Relations before the superior court of any county in which all or some part of such business is being unlawfully conducted or operated . . . Such action may be prosecuted by the Attorney General of California, the district attorney of the county in which suit is brought, the city attorney of any city in which such a business or undertaking is being operated or conducted without full compensation security, or any attorney possessing civil service status who is an employee of the Department of Industrial Relations who may be designated by the director for such purpose. No finding made in the course of any such action shall be binding on the commission in any subsequent proceeding before it for benefits under this division." Labor Code section 3712, prior to amendment by Stats. 1965, ch. 1513, § 62, operative January 15, 1966.

Absent a showing of a violation of some legal duty imposed upon Silverberg, the use of the word ''nuisance'' neither increases nor changes plaintiffs' basis for recovery. (Cf. *Neuber* v. *Royal Realty Co.* (1948) 86 Cal.App.2d 596, 613 [195 P.2d 501].)

DISPOSITION

The judgment is affirmed.

Stephens, Acting P. J., and Hufstedler, J., concurred.

A petition for a rehearing was denied July 5, 1968, and appellants' petition for a hearing by the Supreme Court was denied August 8, 1968.