[Civ. No. 54826. Second Dist., Div. Three. Mar. 21, 1980.]

**DAVID WILLIAM DORADO, Plaintiff and Appellant, v.
KNUDSEN CORPORATION, Defendant and Respondent.**

**COUNSEL**

Keith P. Brown for Plaintiff and Appellant.

Haight, Dickson, Brown & Bonesteel, William K. Koska and Roy G. Weatherup for Defendant and Respondent.

## OPINION

**POTTER, Acting P. J.**—Plaintiff appeals from a summary judgment in favor of defendant Knudsen Corporation in his action for damages for personal injuries. The complaint contained four causes of action. All of them grew out of an accident suffered by plaintiff in the course of his employment delivering dairy products for Todds Food Company. The complaint alleged that "plaintiff was employed by Todd's Food Company, a corporation," and in the course of such employment was handling plastic crates (containing dairy products) which the defendants, including defendant Knudsen, were engaged in "manufacturing, designing, assembling, constructing, building, installing, creating, furnishing, selling, distributing, maintaining, operating, inspecting, supervising and otherwise controlling. . . ." The first cause of action charged that the crates were "in a dangerous, defective and unsafe condition" which caused plaintiff injury. The second, third and fourth causes of action alleged that defendants expressly or impliedly warranted that the crates were "sound, sturdy, and reasonably safe and suitable for the purpose intended," and that plaintiff's injuries resulted from the breach of that warranty.

Knudsen's answer generally denied the allegations of the unverified complaint pursuant to Code of Civil Procedure section 431.30, subdivision (d), and also set up six affirmative defenses, including: (1) failure to state facts sufficient to constitute a cause of action, (2) plaintiff's negligence, (3) negligence of plaintiff's employer in allowing a dangerous condition to exist, (4) negligence of plaintiff's employer in the "control, direction and supervision of its work and its employees," (5) use of the product after its defect was known, and (6) misuse of the product. Eleven months after filing its answer, without obtaining any leave to amend so as to plead as an affirmative defense the existence of the conditions for compensation under the Workers' Compensation Act, Knudsen filed its motion for summary judgment. The sole ground upon which Knudsen sought a summary judgment was that Labor Code section 3601, subdivision (a), limits plaintiff's remedy to a workers' compensation claim.

Knudsen's moving papers included declarations and documentary evidence competent to show that as of the date of plaintiff's injury, plaintiff's employer Todds Food Company was a limited partnership of which Knudsen was the general and managing partner and several food

retailing chains were limited partners. The documentary evidence, in the form of a limited partnership agreement with amendments, showed that as of January 1, 1974, the owners of the stock of Todds Food Company, a corporation, had contributed their shares as capital contributions to the limited partnership which continued the corporation's "business of processing and distributing milk and other food products." Under the agreement and amendments, Knudsen, as general partner, was given "full, exclusive and complete discretion in the management and control of the business of the Limited Partnership." Its compensation for this function was stipulated in a separate management and services agreement under which it received a fee based on percentage of net sales on a sliding scale and reimbursement of its expenses, including the salaries of certain Knudsen employees engaged in Todds' upper level management functions. Reimbursable items also included cost of purchases, use of vehicles, and quality control services incidental to a trademark license for the use of the trademark "Knudsen" by Todds Food Company.

Other documentary evidence showed that Knudsen's workers' compensation insurance policy covered Todds Food Company along with numerous other named insureds and that a separate premium was payable on account thereof. The "STATEMENT OF FACTS" in support of the motion stated that the accident giving rise to the lawsuit occurred on or about December 13, 1975, "while plaintiff was loading dairy products of defendant, KNUDSEN CORPORATION, into a truck which he drove for his employer, TODD FOODS." No declaration or other evidentiary support for this statement, however, is contained in the moving papers, and an accident report attached as an exhibit indicated that in fact plaintiff was injured in the course of making deliveries. He "had finished serving Gelsons Market #1 and was moving stacks of merchandise inside of trailer to arrange his load. As he pushed a stack to the rear of the truck (the stack was 7 high), the top two (2) cases came off" and hit him.

This version of the accident was confirmed by plaintiff's statement of facts which said that "plaintiff was unloading and delivering dairy products to a store in Burbank." Plaintiff also asserted that "[p]laintiff's employer at that time was Todds Food, a California corporation." The only declaration supporting this statement, however, was plaintiff's declaration stating "[t]hat sometime in 1973, and prior thereto, declarant was an employee of Knudsen Corporation. Thereafter, declarant became an employee of Todds Food Company, a California corporation."

Plaintiff's declaration does not show that he had personal knowledge of facts contrary to those asserted by Knudsen, which were that as of January 1, 1974, Todds Food Company became a limited partnership. Plaintiff's declaration attached payroll stubs of Todds Food Company for the period before and after the accident which showed him to be its employee but contained no information as to its status as a corporation or limited partnership.

Though plaintiff's "STATEMENT OF FACTS" included the assertion that "the cases...had been loaded by Knudsen's Corporation and...were owned by Knudsen Corporation," plaintiff submitted no competent evidence of those facts. Consequently, it is not possible to tell from the record what the facts are in this regard.

Knudsen argued that plaintiff's employer, Todds Food Company, was a limited partnership of which Knudsen was the general and managing partner, that the partnership had no entity separate and apart from that of its partners and, consequently, that Knudsen was plaintiff's employer and the exclusive remedy against it was for workers' compensation. In opposition, plaintiff claimed that Todds Food Company was a corporation and thus was necessarily a legal entity separate from Knudsen.

The court granted the motion for summary judgment on the ground that Todds Food Company was a partnership, and plaintiff's sole remedy against any partner for his compensable injury was an award of workers' compensation.

### Contentions

Plaintiff contends that: (1) "at the time of the accident, [he] was an employee of Todd's Food Company, a California corporation"; (2) "[a]t the very least a question of fact arose as to the employment of plaintiff" and (3) in any event, under "the purported 'Limited Partnership Agreement'" plaintiff was not necessarily *an employee of Knudsen Corporation as a matter of law*." (Italics in original.)

Defendant contends that: (1) the clear and uncontradicted documentary evidence establishes that Todds Food Company was a limited partnership of which defendant was the general partner; and (2) plaintiff, as an employee of the partnership, must be deemed an employee of its general partner, Knudsen.

*Discussion*

*Summary*

In order to rely upon the exclusive remedy defense, defendant must appropriately plead it by affirmative defense, which it has not· done. Further, should such defense be asserted by appropriate pleading, facts in addition to those contained in defendant's showing will be necessary to uphold it in view of defendant's apparent dual capacity vis-à-vis Todds Food Company.

*Exclusive Remedy Must Be*
*Pleaded as an Affirmative Defense*

■ The complaint does not disclose facts invoking the exclusive remedy provisions of Labor Code section 3601. Plaintiff is alleged to have been employed by Todds Food Company, not by Knudsen. Consequently, in order to rely upon this defense, Knudsen had the burden of pleading and proving it. In *Doney* v. *Tambouratgis* (1979) 23 Cal.3d 91, 96-97 [151 Cal.Rptr. 347, 587 P.2d 1160], our Supreme Court stated: "It has long been established in this jurisdiction that, generally speaking; a defendant in a civil action who claims to be one of that class of persons protected from an action at law by the provisions of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application. (*Popejoy* v. *Hannon* (1951) 37 Cal.2d 159, 173 [231 P.2d 484]; see also *Gillespie* v. *Rawlings* (1957) 49 Cal.2d 359, 361, fn. 1 [317 P.2d 601]; *Coleman* v. *Silverberg Plumbing Co.* (1968) 263 Cal.App.2d 74, 79 [69 Cal.Rptr. 158]; *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386, 401 [343 P.2d 787]; see generally 2 Witkin, Summary of Cal. Law (8th ed. 1973) p. 863; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 17.23, p. 630.) 'The employee is pursuing a common law remedy which existed before the enactment of the statute and which continues to exist in cases not covered by the statute. It is incumbent upon the employer to prove that the Workmen's Compensation Act is a bar to the employee's ordinary remedy.' (*Popejoy* v. *Hannon, supra*, 37 Cal.2d 159, 173-174.)

"An exception to this general rule of pleading and proof by the defendant appears in the situation where the complaint affirmatively alleges facts indicating coverage by the act. Then, unless the complaint goes on

to state additional facts which would negative the application of the act, no civil action will lie and the complaint is subject to a general demurrer. (*Singleton* v. *Bonneson* (1955) 131 Cal.App.2d 327, 331 [280 P.2d 481]; see also *Coleman* v. *Silverberg Plumbing Co., supra,* 263 Cal. App.2d 74, 79; *Deauville* v. *Hall* (1961) 188 Cal.App.2d 535, 540, 544 [10 Cal.Rptr. 511]; see generally 2 Witkin, Summary of Cal. Law, *supra,* p. 863.) [Fn. omitted.]"

Defendant's answer contains no allegations raising coverage by the act. The summary judgment based on that defense was, therefore, erroneous. *Krupp* v. *Mullen* (1953) 120 Cal.App.2d 53 [260 P.2d 629], reversed a summary judgment based upon affidavits showing estoppel when there was no pleading thereof. The court said (*id.,* at pp. 56-57): "The affidavits in support of a motion for summary judgment do not constitute a second set of pleadings. 'Their purpose is only to show whether the issues apparently made by the formal pleadings are genuine' (*Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 752 [68 P.2d 322]), and if either party has competent evidence to offer which would tend to support his side of the issues. However, as the court stated at page 753 of the case last cited, 'If either party finds, on the hearing of such a motion, that his pleading is not adequate, either by way of allegation or denial, the court may and should permit him to amend; but in the absence of some request for amendment there is no occasion to inquire about possible issues not raised by the pleadings.' Therefore when the motion for summary judgment was presented to the trial court for consideration, the question, if any, of estoppel stood as waived by defendants.'

The summary judgment must therefore be reversed. Defendant should be permitted to amend to raise this defense. That is not to say, however, that it will then be entitled to a summary judgment on the basis of the showing already made.

*Knudsen's Dual Capacity Requires*
*Further Specification of Facts*

■ The documentary evidence filed by Knudsen in support of its motion clearly demonstrates that it occupies a dual capacity in respect of Todds Food Company, assuming Todds is a limited partnership. Paragraph XI of the partnership agreement expressly acknowledges

such dual capacity by providing: "(a)   The purpose of this paragraph is to permit the General Partner to transact business with the Limited Partnership without requiring prior approval of the Limited Partner for such transactions, but at the same time assuring the Limited Partner that all dealings between the General Partner and the Limited Partnership are fair to both parties. The following standards, therefore, are set forth to govern the dealings between the General Partner, or subsidiary or controlled affiliate of the General Partner, and the Limited Partnership, and all transactions conforming to such shall be deemed to be fair and reasonable, fully disclosed, and shall not give rise to any cause of action or claim thereof on the ground of conflict of interest or self-dealing:"

It is inconceivable that any corporation can do business with itself unless it does so in two different capacities. The agreement, therefore, specifically authorizes dealings between Knudsen, as proprietor of its separate dairy products business, and Knudsen, as general partner of Todds Food Company. The showing made in the trial court does not indicate in which capacity Knudsen was acting when it engaged in conduct injurious to plaintiff. However, Knudsen's own statement of facts admits that the dairy products being handled were "dairy products of defendant, KNUDSEN CORPORATION...." If this were the case, their being handled by plaintiff, as a Todds driver, probably reflected dealings between Knudsen, as proprietor of its own separate dairy business, and Todds Food Company whereby such products were supplied to Todds. If defective crates were supplied by Knudsen as seller of dairy products to Todds, a situation invoking the "dual capacity doctrine" may be presented. That doctrine was most recently articulated by the decision of the Fifth District in *Douglas* v. *E. & J. Gallo Winery* (1977) 69 Cal.App.3d 103, 107-110 [137 Cal.Rptr. 197]: "The basis for our holding is the dual capacity doctrine established in *Duprey* v. *Shane* (1952) 39 Cal.2d 781 [249 P.2d 8]. See also, *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616 [102 Cal.Rptr. 815, 498 P.2d 1063] and *Hoffman* v. *Rogers* (1972) 22 Cal.App.3d 655 [99 Cal.Rptr. 455].

"As stated by 2A Larson, Law of Workmen's Compensation (1976) section 72.80, at page 14-112: 'Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.'

"⸫ . . . . . . . . . . "⸫ . . .

"Characterizing a defendant as an 'employer' and therefore automatically cloaked with immunity from common law suit is a simplification that tends to cloud proper analysis. The focus should be on the defendant's responsibility for his own acts or omissions where a different duty to take care or make sure that care is taken arises than that imposed on an employer."

*Douglas* discusses the numerous conflicting authorities in other jurisdictions. One such case is closely analogous to the case at bench. That is the decision of the appellate court of Illinois in *Marcus v. Green* (1973) 13 Ill.App.3d 699 [300 N.E.2d 512]. Plaintiff, a carpenter injured on a job, was employed by a sole proprietor construction company, the owner of which was also a partner in the partnership which owned the land on which the improvement was being made. The injury occurred when scaffolding collapsed. Under Illinois law, an owner "in charge" was liable for defective scaffolding. The plaintiff was held entitled to recover common law damages from his employer in his capacity as a partner and thereby owner in charge. The court said (300 N.E.2d at p. 518): "Therefore, we are persuaded to agree with appellee that since the Workmen's Compensation Act provides for recovery by an employee against a third party tortfeasor, (Ill.Rev.Stat. Ch. 48, § 138.5), he should be allowed to bring an action against the appellant who in a different legal capacity than that of an employer has placed himself vulnerable to liability under the Scaffold Act."

The California authorities relied upon by defendant do not indicate a contrary result. These cases (*Reed v. Industrial Acc. Com.* (1937) 10 Cal.2d 191 [73 P.2d 1212, 114 A.L.R. 720]; *Park v. Union Mfg. Co.* (1941) 45 Cal.App.2d 401 [114 P.2d 373]; and *Sonberg v. Bergere* (1963) 220 Cal.App.2d 681 [34 Cal.Rptr. 59]) do not hold that a partner cannot have a dual capacity in relation to partnership employees. *Reed* and *Park* both are earlier in date than the seminal California case creating the doctrine of dual capacity, *Duprey v. Shane* (1952) 39 Cal.2d 781 [249 P.2d 8]. Moreover, in those cases, as well as in *Sonberg*, it was clear that the injurious conduct of the partner or other actor occurred while such party "was acting on behalf of the partnership." (*Sonberg v. Bergere, supra,* 220 Cal.App.2d at p. 682.) These cases stand only for the proposition that a partnership is not an entity separate from its partners. They do not hold, or even suggest, that

partners cannot be subjected to civil liability to employees of the partnership in respect of their activities while they are not acting on behalf of the partnership.

It is the burden of a party moving for summary judgment "to negate the existence of triable issues of fact in a fashion that entitled it to judgment on the issues raised by the pleadings." (*IT Corp.* v. *Superior Court* (1978) 83 Cal.App.3d 443, 451-452 [147 Cal.Rptr. 828].) In any renewal, therefore, of defendant's motion for summary judgment based upon the exclusive remedy defense, it will be incumbent upon defendant to show that the injurious conduct of which plaintiff complains was defendant's conduct on behalf of Todds Food Company, a partnership, and not defendant's conduct in its capacity as proprietor of its own corporate dairy products business.

The judgment is reversed and the case is remanded for further proceedings consistent with the views above expressed.

Cobey, J., and Allport, J., concurred.