[No. G039635. Fourth Dist., Div. Three. Sept. 30, 2008.]

POWER FABRICATING, INC., Plaintiff and Appellant, v.
STATE COMPENSATION INSURANCE FUND, Defendant and
Respondent.

---

COUNSEL

Malek & Malek, Sandra L. Malek and Jeffrey L. Malek for Plaintiff and Appellant.

Robert W. Daneri, Judith D. Sapper, Teigh Taurino and Linda S. Platisha for Defendant and Respondent.

---

OPINION

**ARONSON, J.**—State Compensation Insurance Fund (State Fund) obtained summary judgment in an action filed by plaintiff Power Fabricating, Inc. (Power), which sought declaratory relief and damages arising from State Fund's failure to defend it in a separate action against Power brought by the widow of a worker who died in an industrial accident. Power contends it presented a triable issue of fact on whether the decedent was employed by Power, an entity related to Power, or a joint venture between the two entities. Power asserts that if the trier of fact determines the decedent had been employed by either Power or the joint venturer, the widow's claims could be covered under the employer liability insurance (ELI) provisions under State Fund's policy, triggering a duty to defend. State Fund, contends, however, that the situation falls within the worker compensation provisions of the policy, not the ELI provisions, and its full payment of death benefits to the widow discharged any responsibility to defend.

 We agree with State Fund. ELI coverage accrues only if (a) the worker was acting in the course and scope of employment with the insured; and (b) workers' compensation law either does not apply or the employer may be sued in a capacity other than as an employer. Because Power failed to

raise a material triable issue of fact on any of the conditions required in (b), ELI coverage does not apply. We therefore conclude the trial court did not err in granting State Fund summary judgment.[1]

I

FACTUAL AND PROCEDURAL BACKGROUND

Power and a related entity, Temp Power Systems, Inc. (TPSI), are in the business of providing temporary electrical power to construction sites. After receiving complaints from subcontractors about the supply of electrical power at a homebuilding project in San Diego County, the homebuilder requested TPSI to provide a "switch over" at various locations to increase the amperage of the supply. A "switch over" involves rerouting electrical power from one source to another. In performing this task, apprentice electrician Jonathan Kryzak contacted an energized electrical line and was fatally electrocuted. State Fund paid Kryzak's widow $125,000 in workers' compensation benefits.

Separate from her workers' compensation claim, Kryzak's widow sued the homebuilder and Power in San Diego County (*Kryzak* action) for negligence and negligence per se, alleging, inter alia, that Power negligently failed to confirm that the developer had deenergized the electrical system before Kryzak began work, failed to inspect Kryzak's work, failed to implement safety procedures, and failed to provide a safe workplace. Power tendered defense of the action to State Fund and Power's commercial general liability insurer, Liberty Surplus Insurance Corporation (Liberty). Liberty denied Power's defense request because Kryzak's death purportedly arose from work he was performing for Power, thus falling within policy exclusions for claims covered by workers' compensation. State Fund denied Power's defense request, asserting it did not have a defense obligation because it had paid benefits to Kryzak's widow under its policy.

Power brought the present action for damages and declaratory relief against State Fund and Liberty, alleging they each had a duty to defend and indemnify Power for the *Kryzak* action. The trial court sustained Liberty's demurrer to the complaint without leave to amend based on Power's allegations in this case that it had employed Kryzak at the time the accident occurred, and therefore statutory workers' compensation exclusivity barred any claims Kryzak's widow might bring against Power. We reversed, noting the *Kryzak* action presented a factual issue on whether Kryzak worked for Power or TPSI. (*Power Fabricating, Inc. v. Liberty Surplus Ins. Corp.* (Oct. 30, 2007, G037648 [nonpub. opn.].) Power later settled the *Kryzak* action.

---

[1] We deny Power's request for judicial notice and to augment the record.

While the appeal regarding Liberty's demurrers was pending, the trial court granted summary judgment for State Fund. Power now appeals the summary judgment ruling.

## II

### DISCUSSION

*The Issue of Which Entity Employed Kryzak at the Time of the Accident Does Not Preclude Summary Judgment*

The State Fund policy at issue here consists of two parts. Part 1 provides workers' compensation coverage to the insured as required by law. State Fund compensated Kryzak's widow under part 1, and Power does not contend part 1 created a duty to defend Power in the *Kryzak* action.

Part 2 of the policy provides ELI coverage. The key provisions include the following:

"A. How This Insurance Applies [¶] This employer's liability insurance applies to bodily injury by accident . . . of an employee. . . . [¶] 1. the bodily injury must arise out of and in the course of the injured employee's employment by you. [¶] 2. The employment must be necessary or incidental to your work in California. [¶] . . . [¶]

"B. We Will Pay [¶] We will pay all sums you legally must pay as damages because of bodily injury to your employees . . . . [¶] The damages we will pay . . . include damages: [¶] . . . [¶] 2. for care and loss of services . . . . [¶] . . . [¶] [P]rovided that these damages are the direct consequence of bodily injury that arises out of and in the course of the insured employee's employment by you; and [¶] 4. because of bodily injury to your employee that arises out of and in the course of employment claimed against you in a capacity other than as employer.

"C. Exclusions [¶] This insurance does not cover: [¶] . . . [¶] 4. any obligation imposed by a workers' compensation . . . law . . . .

"D. We Will Defend [¶] We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this employer's liability insurance. . . ."

The State Fund policy lists both Power and TPSI as "employer" under the policy, and notes the two companies are under common ownership. Power contends a triable issue of material fact exists whether Kryzak was acting as

an employee of Power, TPSI, or a joint venture between the two entities at the time of the accident. Power asserts it could have been held liable for the widow's claims falling within the ELI coverage, but outside of the workers' compensation exclusion, if the trier of fact in the *Kryzak* action ultimately determined either (1) Kryzak, as the employee of a TPSI/Power joint venture, was injured by Power's negligent acts (with the widow holding Power liable for its own negligence), or (2) Kryzak, as Power's employee, was injured by the TPSI/Power joint venture (with the widow holding Power derivatively liable for the joint venture's negligence). We consider each of these two possible scenarios separately.

### 1. *Scenario 1: Kryzak As Employee of a TPSI/Power Joint Venture*

"It is a basic principle of insurance contract interpretation that doubts, uncertainties and ambiguities arising out of policy language ordinarily should be resolved in favor of the insured in order to protect his *reasonable* expectation of coverage. [Citations.] It is also well established, however, that this rule of construction is applicable only when the policy language is found to be unclear. [Citations.] ' "A policy provision is ambiguous when it is capable of two or more constructions, both of which are reasonable." [Citation.]' [Citation.] Whether language in a contract is ambiguous is a question of law. [Citation.] We are also guided by the principle that words in an insurance policy must be read in their ordinary sense, and any ambiguity cannot be based on a strained interpretation of the policy language." (*Producers Dairy Delivery Co. v. Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912 [226 Cal.Rptr. 558, 718 P.2d 920], original italics (*Producers Dairy*).)

We see nothing ambiguous about the ELI coverage clause requiring that "the bodily injury must arise out of and in the course of the injured employee's employment by you." True, both TPSI and Power are listed as "employer" in the policy. But Power cannot invoke coverage under the policy's ELI provisions if a trier of fact determined a TPSI/Power joint venture, *as an entity separate from Power*, employed Kryzak at the time of the accident. In essence, Power seeks to aggregate the TPSI and Power entities to invoke ELI coverage, yet separate the two companies to avoid the ELI workers' compensation exclusion. Nothing in the policy's language or purpose supports this interpretation.

Indeed, the court in *Producers Dairy, supra,* 41 Cal.3d 903, rejected this identical tactic. There, a trucker was injured when unloading milk from a delivery truck. The trucker worked for LAS Corporation (LAS), an entity created by a dairy to distribute milk products using the dairy's trucks. LAS and the dairy shared common officers and directors, and the officers treated the two entities as the same company. (*Id.* at pp. 912–913.) The companies

obtained a single insurance policy providing workers' compensation and ELI coverage that listed both LAS and the dairy as insureds. (*Id.* at p. 913.)

After the injured trucker received workers' compensation benefits, he and his wife obtained tort damages against the dairy because the dairy failed to maintain the truck in a safe condition. Seeking reimbursement, the dairy and its general public liability carrier sued the workers' compensation insurer, arguing the loss fell within the ELI coverage. The trial court granted summary judgment for the workers' compensation insurer.

The appellate court in *Producers Dairy* affirmed, holding the ELI provisions covered only liability incurred by virtue of the insured's status as employer of the injured party. The court determined that construing the policy to cover liability in the absence of an employment relationship would convert ELI coverage into a general liability policy in favor of entities coincidentally named as additional insureds. (*Producers Dairy, supra,* 41 Cal.3d at p. 915.) The court observed such a construction "contravenes the statutory prohibition that liability insurance does not include workers' compensation insurance [citation], and the Insurance Commissioner's rule that other classes of insurance may not be included in the same policy providing workers' compensation and employers liability insurance." (*Id.* at p. 914.) The court also recognized that the dairy's proposed rule would require the workers' compensation carrier to pay for the same injured worker twice, once as an employee of one entity, and a second time as a nonemployee of an additional insured. "This dual recovery under a single policy is contrary to both the plain meaning of the policy itself, and the concept of employers' liability insurance as it is commonly understood." (*Id.* at p. 917.)

■ Thus, under *Producers Dairy*, ELI coverage is not triggered unless the employee's injury arises out of and in the course of his or her employment by the specific insured seeking the coverage. Accordingly, to the extent a Power/TPSI joint venture could be viewed as an entity, Power could not obtain ELI coverage if Kryzak was acting as an employee of a Power/TPSI joint venture.

### 2. Scenario 2: Kryzak As Power's Employee

Power contends that if a trier of fact found Power had been Kryzak's employer at the time of the accident, Power could have faced derivative tort liability to Kryzak's widow based on Power's membership in the Power/TPSI joint venture. Power asserts this derivative liability falls outside the workers' compensation exclusion of the policy. We disagree.

■ In the vast majority of cases where an employee is injured in the course and scope of employment, workers' compensation exclusivity excludes ELI coverage. *Producers Dairy* addressed those rare situations when

ELI coverage applies, explaining: "[E]mployers' liability insurance is traditionally written in conjunction with workers' compensation policies, and is intended to serve as a 'gap-filler,' providing protection to the employer in those situations where the employee has a right to bring a tort action despite the provisions of the workers' compensation statute or the employee is not subject to the workers' compensation law." (*Producers Dairy, supra*, 41 Cal.3d at p. 916.) To illustrate when workers' compensation law does not apply, *Producers Dairy* cited Labor Code section 3358, which specifically exempts nonindustrial watchmen. (*Producers Dairy*, at p. 916, fn. 8.)

Regarding when an employee has a right to bring a tort action despite the workers' compensation statute, *Producers Dairy* cited the " 'dual capacity' " doctrine. (*Producers Dairy, supra*, 41 Cal.3d at p. 916, fn. 8.) The California Supreme Court first applied the "dual capacity" doctrine in *Duprey v. Shane* (1952) 39 Cal.2d 781 [249 P.2d 8] (*Duprey*), where a nurse was injured in the course of her employment by a chiropractor. Although the nurse carried workers' compensation insurance, the doctor personally treated the nurse's injury, doing so negligently. Upholding a malpractice judgment for the nurse, the court reasoned that " 'the employer-doctor is a "person other than the employer" within the meaning of section 3852 of the Labor Code . . . .' " (*Id.* at p. 793.) The dual capacity doctrine was also applied in *Dorado v. Knudsen Corp.* (1980) 103 Cal.App.3d 605 [163 Cal.Rptr. 477] (*Dorado*), where the employee of a limited partnership was injured when he was struck by falling milk crates supplied by the general partner of the limited partnership. The appellate court determined that even if the general partner, by virtue of its complete control over the limited partnership, employed the employer of the injured worker, the injured worker could nonetheless sue the general partner for tort damages in its separate capacity as the proprietor of its own dairy product business. (*Id.* at p. 614.) The ELI policy here makes reference to the dual capacity doctrine, covering injury "that arises out of and in the course of employment claimed against you in a capacity other than as employer."

After *Duprey* and *Dorado* were decided, however, the Legislature in 1982 largely abrogated the dual capacity doctrine by amending Labor Code section 3602, adding subdivision (a), which provides: "Where the conditions of compensation set forth in Section 3600[2] concur, the right to recover such compensation is, except as specifically provided in this section and Sections

---

[2] The "conditions of compensation" are set out in section 3600. Among other things, these include the following pertinent circumstances: (a) at the time of the injury, the employee was "performing service growing out of and incidental to his or her employment and [was] acting within the course of his or her employment"; (b) the injury was "proximately caused by the employment, either with or without negligence"; (c) the injury was not caused by intoxication, alcohol, or the unlawful use of controlled substances on the part of the injured employee; (d) the injury or death was not "intentionally self-inflicted"; (e) the injury did not arise out of

3706[3] and 4558,[4] the sole and exclusive remedy of the employee or his or her dependents against the employer, and *the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer.*" (Italics added.)

Subdivision (b) of Labor Code section 3602 provides the only exceptions to the foregoing rule, as follows: "An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] (1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer. [¶] (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer. [¶] (3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person."

Power does not suggest that any of the exceptions specified in Labor Code section 3602 apply to the present situation. Thus, the statute bars tort claims by Kryzak's widow against Power based on its dual capacity as Kryzak's employer and as a joint venturer of a TPSI/Power joint venture.

Power's reliance on *Orosco v. Sun-Diamond Corp.* (1997) 51 Cal.App.4th 1659 [60 Cal.Rptr.2d 179] (*Orosco*) is unavailing. In *Orosco*, an employee of a raisin grower was injured while working on machinery in connection with the processing of raisins for a joint venture to which his employer belonged.

"an altercation in which the injured employee [was] the initial physical aggressor"; and (f) the injury was not caused by the injured employee's commission of a crime for which he or she has been convicted. (Lab. Code, § 3600, subd. (a).)

[3] Labor Code section 3706 provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply."

[4] Labor Code section 4558, subdivision (b), provides: "An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death."

The employee alleged his employer was negligent in maintaining the equipment and after receiving a workers' compensation award from his own employer, attempted to hold the other joint venturer liable for tort damages. The court rejected this attempt because his employer was the only negligent member of the joint venture, and workers' compensation exclusivity would prevent the nonnegligent members from seeking indemnity from the negligent employer.

Specifically, the court observed: "Normally, of course, a partnership or joint venture is liable to an injured third party for the torts of a partner or venturer acting in furtherance of the enterprise. [Citation.] However, a joint venture sued for the negligence of one venturer is entitled to indemnity from the negligent venturer. [Citation.] The workers' compensation exclusive remedy doctrine would operate to prevent the joint venture from seeking this otherwise-available indemnity from its member . . . . [¶] [T]he existence of workers' compensation coverage for the employee creates its own social imperative in favor of uniform compensation for all injured employees, regardless of the form of business organization that hires the particular employee. . . . *'[T]o permit such recovery would give these employees something that is denied to other workers: the right to recover tort damages for industrial injuries caused by their employer's failure to provide a safe working environment. This, in effect, would exempt a single class of employees, those who work for [an employer who is a member of a joint venture], from the statutorily mandated limits of workers' compensation.'* [Citations.]" (*Orosco, supra,* 51 Cal.App.4th at p. 1670, italics added.)

■ Thus, *Orosco* provides two principles applicable here. First, an injured worker may not sue a nonnegligent joint venturer for injuries sustained due to his or her employer's negligence. In the present case, the Kryzak complaint alleges that Power, not TPSI, was negligent. Thus, there was no basis upon which Power could be held derivatively liable in the *Kryzak* action as a member of the TPSI/Power joint venture. Second, *Orosco* recognizes that worker compensation exclusivity prevents other joint venturers from obtaining indemnity against the employer joint venturer. Again, if Power were Kryzak's employer, Power would be insulated from derivative liability.

In sum, the issue regarding who employed Kryzak at the time of the accident does not preclude summary judgment for State Fund. If Kryzak was not Power's employee, ELI coverage would not be triggered. If Kryzak was Power's employee, the workers' compensation exclusion would apply. We therefore conclude the trial court did not err in granting summary judgment.

## III

### DISPOSITION

The judgment is affirmed. State Fund is entitled to its costs of this appeal.

Sills, P. J., and Ikola, J., concurred.

On October 29, 2008, the opinion was modified to read as printed above.