Filed 3/3/23; Certified for Publication 3/20/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>EMPLOYERS COMPENSATION INSURANCE COMPANY,<br><br>   Defendant and Appellant. | G060532<br><br>(Super. Ct. No. 30-2017-00928693)<br><br>O P I N I O N |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, Glenn R. Salter, Judge. Reversed and remanded.

Lewis Brisbois Bisgaard & Smith, Jordon E. Harriman and Jeffry A. Miller for Defendant and Appellant.

Ellen Sims Langille for California Workers' Compensation Institute as Amicus Curiae on behalf of Defendant and Appellant.

Berger Khan and David B. Ezra for American Property Casualty Insurance Association as Amicus Curiae on behalf of Defendant and Appellant.

Grant, Genovese & Baratta and Lance D. Orloff for Plaintiff and Respondent.

\*　　　\*　　　\*

This appeal arises from one insurer's equitable contribution claim against another insurer related to the defense and settlement of an underlying personal injury lawsuit against their common insured.  The insured's general liability insurer defended under a reservation of rights and paid out its $2 million policy limits to settle the lawsuit.  The insured's workers' compensation and employers' liability insurer denied coverage and did not participate in the defense or settlement.

This lawsuit followed, with the general liability insurer suing the workers' compensation and employers' liability insurer for equitable contribution.  Following a bench trial, the trial court entered judgment for the general liability insurer, awarding roughly half the cost of defense and indemnity.

We reverse.  It is well settled that an equitable contribution claim only lies if the two insurers share the same level of liability *on the same risk* as to the same insured.  In this case, the general liability insurer is not entitled to equitable contribution because it did not insure the same risk as the workers' compensation and employers' liability insurer.  To the contrary, as observed by the trial judge, the two policies are mutually exclusive:  the general liability policy covers bodily injury claims *unless* the claimant is an employee injured in the course and scope of his or her employment, whereas the workers' compensation and employers' liability policy covers bodily injury claims *only if* the claimant is an employee injured in the course and scope of his or her employment.  Further, the workers' compensation and employers' liability policy did not potentially cover the underlying lawsuit, so that carrier had no duty to defend or

2

indemnify its insured against the claims in question. The judgment must therefore be reversed and remanded.

## FACTS

Byron Remeyer and Asia Torres both worked for the La Sirena Grill (La Sirena) at its South Laguna location. One night in August 2013, they had drinks together at La Sirena and then left around 10:00 p.m. to go to a party. Shortly before midnight, Torres, who was intoxicated, drove his vehicle into a tree in Laguna Niguel. Remeyer, his passenger, suffered traumatic, life-altering brain injuries as a result.

Remeyer filed a complaint against La Sirena and Torres for negligence and negligence per se (the Remeyer lawsuit). He alleged that Torres was employed as a cook for La Sirena and "got drunk on the job" on the night of the accident, that drinking on the job was a common occurrence at La Sirena, that La Sirena provided the alcohol that Torres drank on the night of the accident, that La Sirena's management was well aware of Torres's intoxicated state when Torres and Remeyer left for the party, and yet management did nothing to prevent Torres from driving. Remeyer also alleged that Torres was acting within the course and scope of his employment for La Sirena at the time of the accident, and was driving a vehicle that La Sirena had entrusted to him for performing his job duties. The complaint did not mention that Remeyer was also an employee of La Sirena.

At the time of the accident, La Sirena was insured by two different insurers. The first insurer, respondent California Capital Insurance Company (California Capital), issued La Sirena a commercial general liability (CGL) policy with bodily injury limits of $2 million per occurrence; this policy generally covered bodily injury claims, but excluded coverage for workers' compensation claims and for bodily injuries arising out of and in the course of a claimant's employment with La Sirena.

3

The second insurer, appellant Employers Compensation Insurance Company (ECIC), issued La Sirena a workers' compensation and employers' liability policy. Part One of this policy covered workers' compensation claims, and Part Two covered bodily injury claims by employees arising out of and in the course of their employment with La Sirena if not otherwise covered by workers' compensation.

La Sirena tendered the Remeyer lawsuit to its CGL insurer, California Capital. California Capital agreed to defend La Sirena under a reservation of rights citing, among other provisions, its employer's liability exclusion for bodily injuries arising out of and in the course of a claimant's employment with La Sirena.

During discovery, it came to light that Remeyer had been an employee of La Sirena at the time of the accident, that both Remeyer and Torres had worked at La Sirena earlier in the day, but that both had been off the clock for several hours by the time the accident occurred. Whether Remeyer was acting within the course and scope of his employment at La Sirena at the time of the accident (a question relevant to the applicability of California Capital's employer's liability exclusion) remained contested.

In May 2014, Remeyer's counsel made a settlement demand of $2 million, the California Capital policy limit. California Capital advised La Sirena that if it agreed to pay the settlement demand, it would do so under a reservation of its right to seek reimbursement from La Sirena pursuant to *Blue Ridge Ins. Co. v. Jacobsen* (2001) 25 Cal.4th 489 (*Blue Ridge*).

California Capital notified La Sirena's workers' compensation and employer liability insurer, ECIC, of the settlement demand, explained that Remeyer was an employee injured within the course and scope of his employment so as to trigger coverage under the ECIC policy, and asked ECIC to participate in the settlement. ECIC denied coverage, asserting there was no potential for coverage under either part of its policy.

4

In the months that followed, California Capital incurred roughly $88,000 in attorney fees defending the claims against La Sirena. Then, in June 2015, California Capital settled the Remeyer lawsuit on La Sirena's behalf for its policy limits of $2 million, without any participation from ECIC. California Capital also settled its *Blue Ridge* reimbursement claim against La Sirena, and as part of that settlement, La Sirena assigned California Capital its rights against ECIC.

California Capital then filed the subject lawsuit against ECIC for equitable contribution.[1] ECIC moved for summary judgment, asserting neither part of its policy covered the allegations in the Remeyer lawsuit; the trial court denied that motion without explanation.

The trial court conducted a bench trial on stipulated facts in December 2020. After taking the matter under submission, the court found the ECIC policy potentially covered the Remeyer lawsuit and California Capital was equitably entitled to half of what it expended in defense and settlement of that lawsuit. The court then entered judgment for California Capital, awarding it $44,182.42 in equitable contribution for the cost of defending La Sirena, $1 million in equitable contribution for indemnifying La Sirena, and interest of $501,299.37.

ECIC moved to set aside the judgment; the trial court denied that motion. In its minute order, the court acknowledged that the two policies are "mutually exclusive" and that ECIC generally has no duty to cover civil suits under its workers' compensation policy, but reasoned that this "general rule must give way where its uncritical application would work a hardship."

---

[1]     The complaint also alleged certain claims that California Capital acquired from La Sirena as part of the settlement of the Remeyer lawsuit, but California Capital later dismissed those causes of action.

ECIC filed a notice of appeal from the judgment and the order denying its motion to set aside the judgment.

## DISCUSSION

The issue on appeal is straightforward:  is California Capital entitled to equitable contribution from ECIC for the cost of defending and indemnifying their common insured, La Sirena?  This is a question of law we review de novo.  (*Certain Underwriters at Lloyds, London v. Arch Specialty Ins. Co*. (2016) 246 Cal.App.4th 418, 429; *Carmel Development Co. v. RLI Ins. Co*. (2005) 126 Cal.App.4th 502, 507.)

Equitable contribution (not to be confused with equitable subrogation or equitable indemnity) is a loss sharing procedure by which an insurer that defended and settled a claim against its insured may seek to apportion those costs among coinsurers who refused to settle or defend the claim.  (*Maryland Casualty Co. v. Nationwide Mutual Ins. Co*. (2000) 81 Cal.App.4th 1082, 1089; see also Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2022) ¶ 8:65.1, p. 8-26 [discussing differences between equitable contribution, equitable indemnity, and equitable subrogation, and noting "it is important for an insurer seeking reimbursement from other insurers to select the appropriate remedy"].)

"In the insurance context, the right to contribution arises when several insurers are obligated to indemnify or defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others.  Where multiple insurance carriers insure the same insured and cover the same risk, each insurer has independent standing to assert a cause of action against its coinsurers for equitable contribution when it has undertaken the defense or indemnification of the common insured.  Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation, on the theory that the debt it paid was *equally* and *concurrently* owed by the

other insurers and should be shared by them pro rata in proportion to their respective coverage of the risk. The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by coinsurers, and to prevent one insurer from profiting at the expense of others." (*Fireman's Fund Ins. Co. v. Maryland Casualty Co.* (1998) 65 Cal.App.4th 1279, 1293, fn. omitted (*Fireman's Fund*).)

Equitable contribution is only available if the two insurers "'share the same level of liability on the same risk as to the same insured.'" (*Transcontinental Ins. Co. v. Insurance Co. of the State of Pennsylvania* (2007) 148 Cal.App.4th 1296, 1303; see also *Fireman's Fund, supra,* 65 Cal.App.4th at p. 1294, fn.4.) If the insurers do not (1) "share the same level of obligation, (2) on the same risk, (3) as to the same insured[,] . . . the equitable contribution claim must fail." (*Lexington Ins. Co. v. Allianz Ins. Co.* (9th Cir. 2006) 177 Fed.Appx. 572, 573; see, e.g., *Travelers Indemnity Co. of Ct. v. Hudson Ins. Co.* (E.D.Cal. 2020) 442 F.Supp.3d 1259, 1269 [CGL insurer was not entitled to equitable contribution from common insured's professional liability insurer because their two policies "did not insure . . . against the same risk"].)

We must therefore determine whether the California Capital policy and ECIC policy cover the same risk. California Capital's CGL policy covers bodily injury claims; it excludes coverage for workers' compensation claims and claims by employees injured in the course and scope of employment.[2] ECIC's policy covers workers' compensation claims in Part One, and in Part Two it covers bodily injury claims by

---

[2]     To quote the policy, California Capital agreed to "pay those sums that the insured becomes legally obligated to pay because of 'bodily injury' or 'property damage' to which this insurance applies," and "to defend the insured against any 'suit' seeking those damages." The policy contains an exclusion for "[a]ny obligation of the insured under a workers' compensation . . . law," as well as an exclusion for bodily injury to an "'employee' of the insured arising out of and in the course of: [¶] (a) [e]mployment by the insured; or [¶] (b) Performing duties related to the conduct of the insured's business . . . ."

employees arising out of and in the course of their employment with La Sirena if not otherwise covered by workers' compensation.[3]

It becomes immediately apparent after reviewing these coverages that California Capital's CGL policy does not cover the same risk as ECIC's workers' compensation and employers' liability policy. In fact, we agree with the trial judge the two policies are mutually exclusive: California Capital's CGL policy covers bodily injury claims *unless* the claimant is an employee injured in the course and scope of his employment, whereas ECIC's workers' compensation and employers' liability policy covers bodily injury claims *only if* the claimant is an employee injured in the course and scope of his or her employment. Because California Capital and ECIC did not cover the same risk, California Capital cannot establish one of the requisite elements of equitable contribution, and its claim necessarily fails.[4]

California Capital nonetheless insists it is entitled to equitable contribution because discovery in the Remeyer lawsuit established Remeyer was a La Sirena employee, thereby creating a potential for coverage under ECIC's policy and triggering

---

[3]     To quote the ECIC policy, in Part One, ECIC agreed to "pay promptly when due the benefits required of you by the workers compensation law" and to "defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance." In Part Two, ECIC agreed to "pay all sums that you legally must pay as damages because of bodily injury to your employees," provided that the "bodily injury must arise out of and in the course of the injured employee's employment by [the insured]." Part Two contains an exclusion for "[a]ny obligation imposed by a workers compensation . . . law."

[4]     Nor could the two policies cover the same risk, as workers' compensation coverage cannot be included in a CGL policy. (Ins. Code, § 108, subd. (a) [liability insurance includes "[i]insurance against loss resulting from liability for injury, fatal or nonfatal, suffered by any natural person, . . . *but does not include worker's compensation . . . insurance*" (italics added)]; *Reagen's Vacuum Truck Service, Inc. v. Beaver Ins. Co.* (1994) 31 Cal.App.4th 375, 383 [general liability coverage and other classes of insurance "may not be included in the same policy providing workers' compensation and employers' liability insurance"].)

8

ECIC's duty to defend.  This argument ignores the fact that the two policies do not insure against the same risk (an essential element of equitable contribution); it also reflects a fundamental misunderstanding of what ECIC's policy covers.

Before addressing California Capital's argument, we review the interplay between Parts One and Two of the ECIC policy.  As noted, ECIC's policy covers workers' compensation claims in Part One, and in Part Two it covers bodily injury claims by employees arising out of and in the course of their employment with La Sirena if *not* otherwise covered by workers' compensation.  As our Supreme Court has explained, "these two kinds of coverage are mutually exclusive," but they are "meant to be read together."  (*Producers Dairy Delivery Co. v. Sentry Ins. Co.* (1986) 41 Cal.3d 903, 916 (*Producers Dairy*).)

Since workers' compensation is generally an employee's exclusive remedy against his or her employer for injuries suffered in the course and scope of employment (Lab. Code, §§ 3602, subd. (a), 5300; *Privette v. Superior Court* (1993) 5 Cal.4th 689, 697), Part One of ECIC's policy (workers' compensation coverage) applies in the majority of cases where an employee is injured in the course and scope of employment. (*Power Fabricating, Inc. v. State Comp. Ins. Fund* (2008) 167 Cal.App.4th 1446, 1452 (*Power Fabricating*) ["In the vast majority of cases where an employee is injured in the course and scope of employment, workers' compensation exclusivity excludes ELI coverage"].)

However, there are "rare situations" where an employee may sue his or her employer for injuries in superior court, in which case Part Two would be triggered. (*Power Fabricating*, *supra*, 167 Cal.App.4th at pp. 1452-1453; see *California Capital Ins. Co. v. Republic Underwriters Ins. Co.* (N.D.Cal. 2020) 445 F.Supp.3d 61, 68 (*Republic*).)  For example, an employee injured on the job may sue his or her employer in superior court if the injury was proximately caused by a willful physical assault by the employer (Lab. Code, § 3602, subd. (b)(1)); if the injury was aggravated by the

9

employer's fraudulent concealment of its existence (*id.*, subd. (b)(2)); if the injury was proximately caused by a defective product manufactured by the employer (*id.*, subd. (b)(3)); or if the injury was proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press (Lab. Code, § 4558, subd. (b)).  Part Two therefore "serve[s] as a 'gap-filler,' providing protection to the employer in those situations where the employee has a right to bring a tort action despite the provisions of the workers' compensation statute or the employee is not subject to the workers' compensation law." (*Producers Dairy, supra,* 41 Cal.3d at p. 916.)  It "is *not* a general liability policy providing coverage for injuries to members of the general public." (*Id.* at p. 917.)

California Capital insists it is entitled to equitable contribution because there was a possibility that Remeyer, as a La Sirena employee, was acting in the course and scope of employment at the time of the accident, thereby triggering a potential for coverage under the ECIC policy.  We cannot agree.

If Remeyer was acting in the course and scope of his employment at the time of the accident, his exclusive remedy would have been to file a workers' compensation claim, and his civil suit against his employer would have been statutorily barred by the workers' compensation exclusivity doctrine.  Although Part One of ECIC's policy would potentially cover any workers' compensation claim he might have filed, Part One could not cover the civil suit because there is no way the trial court in that case could acquire jurisdiction to award workers' compensation benefits.  (*La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.* (1994) 9 Cal.4th 27, 43 [workers' compensation and employers' liability insurer had no duty to defend insured against its former employee's civil suit for wrongful termination; there was no potential for coverage because "the superior court never had jurisdiction to award workers' compensation benefits"].)

Further, Part Two of ECIC's policy was not triggered because there were no allegations or facts in the Remeyer lawsuit suggesting any of the rare exceptions to the workers compensation exclusivity doctrine apply here:  Remeyer did not allege La Sirena physically assaulted him, fraudulently concealed his injuries, manufactured a defective product that injured him, or injured him with a punch press.  (See Lab. Code, §§ 3602, subd. (b)(1-3), 4558, subd. (b).) [5]

In sum, even if Remeyer was potentially acting in the course and scope of his employment at the time of the accident, there is no theory whereby the Remeyer lawsuit could fall within ECIC's coverage, and thus there was no duty to defend by ECIC.  (*Gray v. Zurich Insurance Co*. (1966) 65 Cal.2d 263, 276, fn.15 ["insurer need not defend if the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage"].)  California Capital's equitable contribution claim fails for this additional reason.  (See *Republic, supra,* 445 F.Supp.3d at p. 69 [granting summary judgment for workers' compensation and employers' liability

---

[5]     The federal district court's analysis in *Republic, supra*, 445 F.Supp.3d 61, is instructive.  In that case, an employee of a golf course visited the golf course on his day off to play golf with his father, and his coworker struck him in the head with a golf club while trying to demonstrate the proper hand grip on the club.  (*Id.* at pp. 63-64.)  The employee filed a workers' compensation claim and also sued his employer, the golf course, in superior court.  (*Id.* at p. 63.)  Much like in the present case, the employer's CGL insurer, California Capital, defended and settled the civil suit, and its workers' compensation and employers' liability insurer, Republic, denied coverage.  (*Id.* at p. 64.)  California Capital sued Republic for reimbursement (i.e., equitable contribution) and other claims.  (*Ibid.*)

The district court granted summary judgment for Republic, finding there was no potential for coverage under either its workers' compensation coverage or its employers' liability coverage.  (*Republic, supra,* 445 F.Supp.3d at p. 69.)  The court reasoned, as we do above, that "nothing about the undisputed facts presented here raises the potential that, if [the] injury did occur in the course and scope of his employment, it would fall outside the provisions of the Workers' Compensation policy such that Employers Liability coverage would be available."  (*Ibid.*)

insurer on equitable contribution claim because its policy did not potentially cover the claims in the insured employee's underlying personal injury lawsuit].)

## DISPOSITION

The judgment for California Capital is reversed.  On remand, the trial court is directed to enter judgment for ECIC.  ECIC is to recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

Filed 3/20/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>EMPLOYERS COMPENSATION INSURANCE COMPANY,<br><br>    Defendant and Appellant. | G060532<br><br>(Super. Ct. No. 30-2017-00928693)<br><br>O P I N I O N |

Appellant has requested that our opinion filed on March 3, 2023, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.